In the Matter of the Application of the DEPARTMENT OF PUBLIC PARKS for the Opening of Spuyten Duyvil Parkway, etc.

*Commissioners to appraise damages for laying out a parkway — 1874, chap. 604 — fees and allowances of.*

Commissioners were appointed under chapter 604 of 1874 to estimate and assess the damages occasioned by the laying out and opening of the Spuyten Duyvil parkway, which is some 13,000 feet long, from 40 to 400 feet wide, and includes some fourteen parks.

*Held,* that the parkway was not, strictly speaking, a street or avenue, as those terms were used in chapter 483 of 1862, or a street, avenue, square or public place, within chapter 86 of 1813, and that the fees of the commissioners were not fixed or determined by either of these acts.

That the commissioners were entitled to receive a reasonable compensation for the services performed by them, and that, as they had severally sworn that their services were worth the sum of $5,000 apiece, an allowance of that amount would not be disturbed.

*People ex rel. Seaver* v. *Green* (52 How., 440) followed.

Appeal from an order made at Special Term confirming the report of a referee, which awarded the sum of $5,000 each to the three commissioners appointed, under chapter 604 of 1874, to appraise and apportion the damages occasioned by the opening of Spuyten Duyvil parkway, which is about 13,000 feet long and from 40 to 400 feet wide, and includes in it fourteen parks.

*Lewis L. Delafield,* for A. Van Cortland and others, appellants.

*Wm. C. Whitney,* for the mayor, etc., of the city of New York.

Daniels, J.:

The compensation allowed by the order, and complained of on the argument of the appeal, was for the services of the commissioners, necessarily employed in opening the parkway.

In support of the appeal it has been urged that the compensation of the commissioners should either be restricted to four dollars a day, under section 189 of chapter 86, Laws of 1813, or to thirty cents a foot for the lineal extent of the parkway, under section 1 of chapter 483 of the Laws of 1862, or that the entire

cost of the proceeding should be adjusted under the authority of section 3240 of the Code of Civil Procedure.

The proceedings for opening the parkway were probably within the phrase "special proceedings," as that was made use of in this section of the Code. But this did not prevent the allowances made to the commissioners as expenditures necessarily incurred in carrying on the proceeding. For such expenditures would not be included within the proper signification of the term costs. They were, on the contrary, in the nature of disbursements, and if necessarily allowed for the services which had been performed would not be mere costs within the meaning of that term as it has been used in this section of the Code.

This provision was not for the first time enacted by the adoption of the Code of Civil Procedure, but it formed a part of chapter 270 of the Laws of 1854. And if it should have any application to the compensation of commissioners in a proceeding of this nature, it is certainly very singular that it never has yet been so applied. The terms in which these enactments have been made, even if they should be held to apply to the costs of the proceedings, do not exclude the power of adequately compensating the commissioners for their services under the authority given for the allowance of necessary disbursements, and it would only be by a forced construction that they could be so extended as to exclude that right.

This parkway was not, strictly speaking, a street or avenue, as those terms were included in the act of 1862, or a street, avenue, square or public place, within the law of 1813. This was substantially so held at Special Term in *People ex rel. Seaver* v. *Green* (52 How., 440), and that decision was afterwards affirmed by the General Term of this department. By the proceeding which was the subject of examination in that case, a road or public drive had been opened northward from One Hundred and Fifty-fifth street to the intersection of Kingsbridge road with Inwood street, which was certainly as much of a street, avenue, square or public place as this parkway, which included fourteen parks, and is from forty to 400 feet wide. The commissioners are certainly entitled to be compensated for the services performed by them in such a proceeding. That compensation is a necessary part of the expenses of the proceeding itself,

and as the expense of opening such a way have been in this authority held not to be included within either the act of 1813 or that of 1862, it must follow, as was held to be the case when *People ex rel. Seaver* v. *Green* was decided, that the commissioners should receive a reasonable compensation for the services performed by them.

The commissioners appointed in this proceeding were gentlemen of great integrity, capacity, experience and intelligence, and they have severally sworn that their services were worth the sums which were allowed by the order from which the appeal has been taken, and nothing was developed upon the reference in the least degree impairing the propriety of these statements.   The adjudication already referred to was a direct authority sanctioning these, as well as the other allowances made by the order; and as it has in no manner been overruled or restricted in its effect, it should be followed in the determination of this appeal.   The order, therefore, should be affirmed, with the usual costs and disbursements.

Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Order affirmed, with ten dollars costs and disbursements.